**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

JANE DOE,

                    Plaintiff,

   -against-

V P S SHIPPING LTD.,
THE UPS STORE, INC.,
AJAY SAVAN, individually,
ERIC ADAMS, individually, and
JONAH SAVAN, individually,

                    Defendants.

---------------------------------------------------------X

Civil Case No: 18-cv-6833

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff JANE DOE (hereinafter referred to as "Plaintiff" or "DOE"), by and through her

attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants V P S

SHIPPING LTD. (hereinafter referred to as "VPS"), THE UPS STORE, INC. (hereinafter referred

to as "UPS"), AJAY SAVAN (hereinafter referred to as "SAVAN"), ERIC ADAMS (hereinafter

referred to as "ADAMS"), and JONAH SAVAN (hereinafter referred to as "JONAH") (hereinafter

collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1.     This action arises out of the unlawful discrimination, sexual harassment, retaliation,

hostile work environment, and unlawful termination by Defendants against Plaintiff on the basis

of her gender/sex.

2.     Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified,

42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the New York State Human Rights Law, New York

Executive Law U.S.C. §§ 2000e to 2000e-17 ("NYSHRL"), and the laws of the State of New York,

based upon the supplemental jurisdiction pursuant to *United Mine Workers of America v. Gibbs*,

383 U.S. 715 (1966) and 28 U.S.C. § 136 seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, gender discrimination, sexual harassment, hostile work environment, retaliation, and wrongful termination by Defendants.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4.     Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII.  This Court also has jurisdiction pursuant to 29 U.S.C. §2617, 28 U.S.C. §§1331, 1343 and pendent jurisdiction thereto.

5.     Venue is proper in this district pursuant to 20 U.S.C. §1391(b) because Defendants are located in this judicial district and a substantial part of the events which give rise to the claims herein occurred within the Eastern District of New York.

6.     On or about February 28, 2018, Plaintiff submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge Number 520-2018-02670).

7.     On or about September 5, 2018, Plaintiff received a Right to Sue Letter from the EEOC.

8.     Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## PARTIES

9.　　At all times material, Plaintiff DOE is an individual woman who is a resident of the State of New York, Nassau County.

10.　　At all times material, UPS is a foreign business corporation duly existing by virtue of the laws of the State of Delaware that does business in New York.

11.　　At all times material, Defendant VPS is a domestic business corporation duly existing by virtue of the laws of the State of New York that does business in New York.

12.　　At all times material, Defendant VPS is a UPS franchise located in Long Island, New York.

13.　　At all times material, Defendant SAVAN was and is the owner of VPS.

14.　　At all times material, Defendant SAVAN held supervisory authority over Plaintiff, including the power to hire and fire Plaintiff.

15.　　At all times material, Defendant VPS employed Defendant ADAMS as a full time Sales Supervisor.

16.　　At all times material, Defendant ADAMS was Plaintiff's direct supervisor and held supervisory authority with respect to her employment, including the power to hire and fire her.

17.　　At all times material, Defendant VPS employed Defendant JONAH as a Sales Associate.

18.　　At all times material, Defendant JONAH is the son of Defendant AJAY.

## MATERIAL FACTS

19. On or about August 30, 2017, VPS hired Plaintiff as a full-time Sales Associate.

20. Shortly after Plaintiff commenced her position with VPS, Defendant ADAMS repeatedly subjected Plaintiff to sexual harassment in the workplace.

21. Specifically, during Fall 2017, Defendant ADAMS made a series of inappropriate sexual comments about Plaintiff's physical appearance and continuously stalked her around the VPS store, which made Plaintiff extremely uncomfortable.

22. By way of example only, Defendant ADAMS made numerous comments to Plaintiff that detailed his own personal sexual escapades, frequently boasting that he was engaging in sexual intercourse with the women in the VPS store.

23. ADAMS also gave Plaintiff his personal cell phone number and told her to call him after work hours to "hang out." Plaintiff refused to contact ADAMS.

24. Plaintiff had absolutely no interest in pursuing a romantic or sexual relationship with ADAMS and consistently rebuffed his advances.

25. However, despite Plaintiff's unambiguous refusal of Defendant's ADAMS unwanted sexual advances, Defendant ADAMS did not cease his harassment of Plaintiff.

26. Around this same time, Defendant ADAMS repeatedly made comments to Plaintiff about her body and physical appearance.

27. For example, on numerous occasions, Defendant ADAMS suggested that Plaintiff "bend over" and told Plaintiff: "model for me." Plaintiff was highly offended by ADAM's inappropriate conduct and always refused ADAMS' demands.

28. Plaintiff again complained to Defendant ADAMS that his inappropriate sexual comments and questions made her feel extremely uncomfortable, but he persisted.

29.     Defendant ADAMS also commented on Plaintiff's personal photographs, which were posted on her social media account, and recommended that Plaintiff "model lingerie."

30.     In response to Defendant ADAMS' sexually harassing comment, Plaintiff firmly reminded ADAMS that his sexual advances were unwanted and attempted to avoid him at all costs.

31.     Defendant ADAMS' unwelcome remarks about Plaintiff's physical appearance, invasion of her personal space, and inappropriate sexually-explicit comments made Plaintiff extremely uncomfortable and she feared being alone with ADAMS in the VPS store.

32.     By way of further example, on or about November 29, 2017, Defendant ADAMS made highly inappropriate comments to Plaintiff about her breasts.

33.     Specifically, Defendant ADAMS told Plaintiff: "I want to hold your breasts" because they "look so perky."

34.     Plaintiff was shocked and appalled by her supervisor's continued unwelcome comments and immediately demanded that Defendant ADAMS cease making these inappropriate sexual remarks about her body.

35.     However, Defendant ADAMS ignored Plaintiff's protests against his harassment and instead begged Plaintiff: "just let me feel your breasts."

36.     Plaintiff was horrified by Defendant ADAMS' lewd and inappropriate conduct in the workplace.

37.     Defendant ADAMS went so far as to solicit Plaintiff to allow him to fondle her breasts. Defendant ADAMS offered to pay Plaintiff a monetary sum of $20.00 to: "let me touch your breasts."

38.     In or around late November 2017, Defendant ADAMS escalated his sexual harassment of Plaintiff. Defendant ADAMS cornered Plaintiff in the back of store, where he physically groped Plaintiff.

39.     Plaintiff was forced to run away from Defendant ADAMS to remove herself from his reach.

40.     Once again, Plaintiff demanded that Defendant ADAMS leave her alone and stop making unwelcome sexual comments about her body and appearance.

41.     Despite Plaintiff's consistent, unequivocal rejection of Defendant ADAMS' sexual advances, ADAMS' persisted in harassing Plaintiff and making sexually explicit comments about her body.

42.     On or about November 30, 2017, Plaintiff reported Defendant ADAMS' sexual harassment to the owner of VPS, Defendant AJAY SAVAN (hereinafter, "SAVAN").

43.     Despite Plaintiff's complaint, Defendant SAVAN did not properly investigate Plaintiff's serious allegations and further failed to take any corrective action against Defendant ADAMS.

44.     Moreover, on or about November 30, 2017, Defendant JONAH SAVAN (hereinafter, "JONAH"), who is Defendant SAVAN'S son, grabbed Plaintiff's buttocks without her consent, further perpetuating the hostile and sexually harassing work environment to which VPS subjected Plaintiff.

45.     Plaintiff immediately recoiled at JONAH'S unwelcome touch and explicitly told him to keep his hands off of her body.

46.     Plaintiff again complained about sexual harassment to Defendant SAVAN and requested to be transferred to a different VPS store location so that she did not have to work with Defendant ADAMS or JONAH.

47.     On or about December 2, 2017, despite Plaintiff's complaints of sexual harassment, VPS scheduled Plaintiff to work in the store, alone, with Defendant ADAMS.

48.     Defendant VPS ignored Plaintiff's repeated complaints of sexual harassment, wholly neglected to protect Plaintiff from workplace harassment, and failed to discipline Plaintiff's harassers, one of whom was the owner's son.

49.     At this point, Plaintiff was immensely fearful of returning to work to face Defendant ADAMS or JONAH.

50.     On or about December 2, 2017, Defendant VPS constructively discharged Plaintiff's employment.

51.     The above are just some examples of the sexual harassment, unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

52.     Based on the facts detailed herein, Defendants discriminated against Plaintiff on the basis of her sex/gender and further failed to reasonably investigate Plaintiff's complaints of workplace sexual harassment.

53.     Plaintiff claims constructive and/or actual discharge and also seeks reinstatement.

54.     Plaintiff claims alternatively (in the event Defendant claims so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

55.     As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and severely emotionally distressed.

56. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

57. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

58. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

59. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

60. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

## CAUSES OF ACTION

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION
### UNDER TITLE VII
### (Against Defendants UPS and VPS)

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

62. Title VII states in relevant part as follows:

"(a) Employer practices: It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

63.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon Plaintiff's sex/gender.

64.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

65.     Defendants violated the above and Plaintiffs suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## TITLE VII
### (Against Defendants UPS and VPS)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

68.     Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.,* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

69.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

70.     Defendants violated the above and Plaintiffs suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## <u>NEW YORK STATE LAW</u>
### (Against All Defendants)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

72.     Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

73.     Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender, sexually harassing Plaintiff, and causing a hostile work environment.

74.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

75.     Defendants violated the above and Plaintiffs suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR AIDING & ABETTING UNDER
## <u>NEW YORK STATE LAW</u>
### (Against All Defendants)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

77.    New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

78.    Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling, and/or coercing the discriminatory behavior as stated herein.

79.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

80.    Defendants violated the above and Plaintiffs suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**<u>NEW YORK STATE LAW</u>**
**(Against All Defendants)**

81.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

82.    New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

83.    Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff.

84.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

85.    Defendants violated the above and Plaintiffs suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER NEW YORK STATE LAW
### (Against All Defendants)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

87.     Defendants' behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

88.     Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

89.     Defendants caused Plaintiff to fear for her own safety.

90.     Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

91.     Plaintiff hereby makes a claim against Defendants under all of the applicable provisions of New York State law.

92.     Defendants violated the above and Plaintiffs suffered numerous damages as a result.


## AS A SEVENTH CAUSE OF ACTION
## FOR NEGLIGENT RETENTION UNDER
## NEW YORK STATE LAW
### (Against All Defendants)

93.     Plaintiff repeats, and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

94.     Defendants placed Plaintiff in a position to cause foreseeable harm by retaining Plaintiff's harassers as employees, despite her complaints.

95.     Defendants knew or should have known of the employee's propensity for the conduct that caused Plaintiff's injury.

96. Defendants caused Plaintiff to fear for her own safety.

97. Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

98. Plaintiff hereby makes a claim against Defendants under all of the applicable provisions of New York State law.

99. Defendants violated the above and Plaintiffs suffered numerous damages as a result.

**AS AN EIGHTH CAUSE OF ACTION
FOR ASSAULT AND BATTERY UNDER
<u>NEW YORK STATE LAW</u>
(Against Defendants ADAMS and JONAH)**

100. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

101. The aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendant ADAMS and Defendant JONAH did suddenly and without provocation, did physically assault and batter Plaintiff, herein causing Plaintiff to sustain damages; in that Defendant ADAMS and Defendant JONAH did conduct themselves in a wanton, willful, reckless and heedless manner without regard to the safety of the Plaintiff herein; in that said Defendants were physically abusive; in behaving in a disorderly manner; in using unnecessary, excessive and unlawful touching against the plaintiff; in willfully and maliciously assaulting and battering the Plaintiff herein.

102. § 213-c of the Civil Practice Law and Rules provides as follows: Action by victim of conduct constituting certain sexual offenses: Notwithstanding any other limitation set forth in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such

defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought within five years. As used in this section, the term "defendant" shall mean only a person who commits the acts described in this section or who, in a criminal proceeding, could be charged with criminal liability for the commission of such acts pursuant to section 20.00 of the penal law and shall not apply to any related civil claim or cause of action arising from such acts. Nothing in this section shall be construed to require that a criminal charge be brought or a criminal conviction be obtained as a condition of bringing a civil cause of action or receiving a civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action. NY CLS CPLR § 213-c.

103.   As a result of Defendant ADAMS' and Defendant JONAH's acts of assault and battery, Plaintiff has been damaged in an amount to be determined at the time of trial.


**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated: New York, New York
November 30, 2018

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

By: *Rachel Allen*

Rachel Allen, Esq.
One Penn Plaza, Suite 4905
New York, NY 10119
(212) 587-0760 (Telephone)
(212) 587-4169 (Fax)