UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JANE DOE,

                  Plaintiff,

    -against-

V P S SHIPPING LTD., THE UPS STORE, INC.,
AJAY SAVAN, individually, ERIC ADAMS, individually
and JONAH SAVAN, individually,

                  Defendants.

---------------------------------------------------------------X

Docket No.: 18 CV 6833
(DRH) (AKT)

**ANSWER**

Defendants, V P S SHIPPING LTD., AJAY SAVAN, individually, ERIC ADAMS, individually, and JONAH SAVAN, individually i/s/h/a V P S SHIPPING LTD., THE UPS STORE, INC., AJAY SAVAN, individually, ERIC ADAMS, individually and JONAH SAVAN, individually, by their attorneys, Milber Makris Plousadis & Seiden, LLP, as and for their Answer to the Complaint, allege the following upon information and belief:

### NATURE OF CASE

1.    Defendants aver that the allegations contained in Paragraph "1" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "1" of the Complaint and respectfully refer all questions of law to this Honorable Court.

2.    Defendants deny each and every allegation contained in Paragraph "2" of the Complaint.

### JURISDICTION AND VENUE

3.    Defendants aver that the allegations contained in Paragraph "3" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is

deemed necessary, Defendants deny the allegations contained in Paragraph "3" of the Complaint and respectfully refer all questions of law to this Honorable Court.

4.      Defendants aver that the allegations contained in Paragraph "4" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "4" of the Complaint and respectfully refer all questions of law to this Honorable Court.

5.      Defendants aver that the allegations contained in Paragraph "5" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "5" of the Complaint and respectfully refer all questions of law to this Honorable Court.

6.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

**PARTIES**

9.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11.      Defendants admit each and every allegation contained in Paragraph "11" of the Complaint.

12.     Defendants admit each and every allegation contained in Paragraph "12" of the Complaint.

13.     Defendants admit each and every allegation contained in Paragraph "13" of the Complaint.

14.     Defendants admit each and every allegation contained in Paragraph "14" of the Complaint.

15.     Defendants deny each and every allegation contained in Paragraph "15" of the Complaint.

16.     Defendants deny each and every allegation contained in Paragraph "16" of the Complaint.

17.     Defendants deny each and every allegation contained in Paragraph "17" of the Complaint.

18.     Defendants admit each and every allegation contained in Paragraph "18" of the Complaint.

## MATERIAL FACTS

19.     Defendants deny each and every allegation contained in Paragraph "19" of the Complaint.

20.     Defendants deny each and every allegation contained in Paragraph "20" of the Complaint.

21.     Defendants deny each and every allegation contained in Paragraph "21" of the Complaint.

22.     Defendants deny each and every allegation contained in Paragraph "22" of the Complaint.

23.     Defendants deny each and every allegation contained in Paragraph "23" of the Complaint.

24.     Defendants deny each and every allegation contained in Paragraph "24" of the Complaint.

25.     Defendants deny each and every allegation contained in Paragraph "25" of the Complaint.

26.     Defendants deny each and every allegation contained in Paragraph "26" of the Complaint.

27.     Defendants deny each and every allegation contained in Paragraph "27" of the Complaint.

28.     Defendants deny each and every allegation contained in Paragraph "28" of the Complaint.

29.     Defendants deny each and every allegation contained in Paragraph "29" of the Complaint.

30.     Defendants deny each and every allegation contained in Paragraph "30" of the Complaint.

31.     Defendants deny each and every allegation contained in Paragraph "31" of the Complaint.

32.     Defendants deny each and every allegation contained in Paragraph "32" of the Complaint.

33.     Defendants deny each and every allegation contained in Paragraph "33" of the Complaint.

34.     Defendants deny each and every allegation contained in Paragraph "34" of the Complaint.

35.     Defendants deny each and every allegation contained in Paragraph "35" of the Complaint.

36.     Defendants deny each and every allegation contained in Paragraph "36" of the Complaint.

37.     Defendants deny each and every allegation contained in Paragraph "37" of the Complaint.

38.     Defendants deny each and every allegation contained in Paragraph "38" of the Complaint.

39.     Defendants deny each and every allegation contained in Paragraph "39" of the Complaint.

40.     Defendants deny each and every allegation contained in Paragraph "40" of the Complaint.

41.     Defendants deny each and every allegation contained in Paragraph "41" of the Complaint.

42.     Defendants deny each and every allegation contained in Paragraph "42" of the Complaint.

43.     Defendants deny each and every allegation contained in Paragraph "43" of the Complaint.

44.     Defendants deny each and every allegation contained in Paragraph "44" of the Complaint.

45.     Defendants deny each and every allegation contained in Paragraph "45" of the Complaint.

46.     Defendants deny each and every allegation contained in Paragraph "46" of the Complaint.

47.     Defendants deny each and every allegation contained in Paragraph "47" of the Complaint.

48.     Defendants deny each and every allegation contained in Paragraph "48" of the Complaint.

49.     Defendants deny each and every allegation contained in Paragraph "49" of the Complaint.

50.     Defendants deny each and every allegation contained in Paragraph "50" of the Complaint and respectfully refer all questions of law to this Honorable Court.

51.     Defendants deny each and every allegation contained in Paragraph "51" of the Complaint.

52.     Defendants deny each and every allegation contained in Paragraph "52" of the Complaint.

53.     Defendants deny each and every allegation contained in Paragraph "53" of the Complaint and respectfully refer all questions of law to this Honorable Court.

54.     Defendants deny each and every allegation contained in Paragraph "54" of the Complaint and respectfully refer all questions of law to this Honorable Court.

55.     Defendants deny each and every allegation contained in Paragraph "55" of the Complaint.

56. Defendants deny each and every allegation contained in Paragraph "56" of the Complaint.

57. Defendants deny each and every allegation contained in Paragraph "57" of the Complaint.

58. Defendants deny each and every allegation contained in Paragraph "58" of the Complaint.

59. Defendants deny each and every allegation contained in Paragraph "59" of the Complaint and respectfully refer all questions of law to this Honorable Court.

60. Defendants deny each and every allegation contained in Paragraph "60" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII
### (Against Defendants UPS and VPS)

61. In response to Paragraph "61", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "60" of the Complaint as though more fully set forth herein.

62. Defendants aver that the allegations contained in Paragraph "62" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "62" of the Complaint and respectfully refer all questions of law to this Honorable Court.

63. Defendants deny each and every allegation contained in Paragraph "63" of the Complaint and respectfully refer all questions of law to this Honorable Court.

64. Defendants deny each and every allegation contained in Paragraph "64" of the Complaint and respectfully refer all questions of law to this Honorable Court.

65.     Defendants deny each and every allegation contained in Paragraph "65" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII
### (Against Defendants UPS and VPS)

66.     In response to Paragraph "66", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "65" of the Complaint as though more fully set forth herein.

67.     Defendants aver that the allegations contained in Paragraph "67" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "67" of the Complaint and respectfully refer all questions of law to this Honorable Court.

68.     Defendants deny each and every allegation contained in Paragraph "68" of the Complaint.

69.     Defendants deny each and every allegation contained in Paragraph "69" of the Complaint and respectfully refers all questions of law to this Honorable Court.

70.     Defendants deny each and every allegation contained in Paragraph "70" of the Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW
### (Against All Defendants)

71.     In response to Paragraph "71", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "70" of the Complaint as though more fully set forth herein.

72. Defendants aver that the allegations contained in Paragraph "72" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "72" of the Complaint and respectfully refer all questions of law to this Honorable Court.

73. Defendants deny each and every allegation contained in Paragraph "73" of the Complaint.

74. Defendants deny each and every allegation contained in Paragraph "74" of the Complaint and respectfully refer all questions of law to this Honorable Court.

75. Defendants deny each and every allegation contained in Paragraph "75" of the Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION FOR AIDING & ABETTING UNDER NEW YORK STATE LAW
### (Against All Defendants)

76. In response to Paragraph "76", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "75" of the Complaint as though more fully set forth herein.

77. Defendants aver that the allegations contained in Paragraph "77" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "77" of the Complaint and respectfully refer all questions of law to this Honorable Court.

78. Defendants deny each and every allegation contained in Paragraph "78" of the Complaint.

79. Defendants deny each and every allegation contained in Paragraph "79" of the Complaint and respectfully refer all questions of law to this Honorable Court.

80.    Defendants deny each and every allegation contained in Paragraph "80" of the Complaint.

**AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE LAW**
**(Against All Defendants)**

81.    In response to Paragraph "81", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "80" of the Complaint as though more fully set forth herein.

82.    Defendants aver that the allegations contained in Paragraph "82" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "82" of the Complaint and respectfully refer all questions of law to this Honorable Court.

83.    Defendants deny each and every allegation contained in Paragraph "83" of the Complaint.

84.    Defendants deny each and every allegation contained in Paragraph "84" of the Complaint and respectfully refer all questions of law to this Honorable Court.

85.    Defendants deny each and every allegation contained in Paragraph "85" of the Complaint.

**AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW YORK STATE LAW**
**(Against All Defendants)**

86.    In response to Paragraph "86", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "85" of the Complaint as though more fully set forth herein.

87. Defendants deny each and every allegation contained in Paragraph "87" of the Complaint.

88. Defendants deny each and every allegation contained in Paragraph "88" of the Complaint.

89. Defendants deny each and every allegation contained in Paragraph "89" of the Complaint.

90. Defendants deny each and every allegation contained in Paragraph "90" of the Complaint.

91. Defendants deny each and every allegation contained in Paragraph "91" of the Complaint and respectfully refer all questions of law to this Honorable Court.

92. Defendants deny each and every allegation contained in Paragraph "92" of the Complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION FOR NEGLIGENT RETENTION UNDER NEW YORK STATE LAW
### (Against All Defendants)

93. In response to Paragraph "93", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "92" of the Complaint as though more fully set forth herein.

94. Defendants deny each and every allegation contained in Paragraph "94" of the Complaint.

95. Defendants deny each and every allegation contained in Paragraph "95" of the Complaint.

96. Defendants deny each and every allegation contained in Paragraph "96" of the Complaint.

97. Defendants deny each and every allegation contained in Paragraph "97" of the Complaint.

98. Defendants deny each and every allegation contained in Paragraph "98" of the Complaint and respectfully refer all questions of law to this Honorable Court.

99. Defendants deny each and every allegation contained in Paragraph "99" of the Complaint.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION FOR ASSAULT AND BATTERY UNDER NEW YORK STATE LAW
### (Against Defendants ADAMS and JONAH)

100. In response to Paragraph "100", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "99" of the Complaint as though more fully set forth herein.

101. Defendants deny each and every allegation contained in Paragraph "101" of the Complaint.

102. Defendants aver that the allegations contained in Paragraph "102" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "102" of the Complaint and respectfully refer all questions of law to this Honorable Court.

103. Defendants deny each and every allegation contained in Paragraph "103" of the Complaint.

## DEMAND FOR TRIAL BY JURY

104. Defendants acknowledge that Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## FIRST AFFIRMATIVE DEFENSE

105.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

106.    Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or other filing requirements.

## THIRD AFFIRMATIVE DEFENSE

107.    To the extent Plaintiff's claims sound in negligence, they are barred by operation of the New York Workers' Compensation Law.

## FOURTH AFFIRMATIVE DEFENSE

108.    Some or all of Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

109.    To the extent that Plaintiff's claims are based upon allegations that were not asserted in any administrative or EEOC charge of discrimination, Plaintiff is barred from asserting such claims.

## SIXTH AFFIRMATIVE DEFENSE

110.    Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

111.    Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

112. Some or all of Plaintiff's claims are barred, in whole or in part, by the United States and New York Constitutions and/or by the statutes under which this action purportedly is brought.

## NINTH AFFIRMATIVE DEFENSE

113. Without waiving Plaintiff's burden to show the contrary, Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations that they may have had under the laws, regulations and/or public policy of the United States, the State of New York, or otherwise.

## TENTH AFFIRMATIVE DEFENSE

114. Plaintiff is not entitled to liquidated and/or punitive damages, in that he can neither demonstrate malice, actual participation or reckless indifference by management, nor can she impute liability for punitive damages to Defendants, because of its good faith efforts to comply with applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

115. Defendants exercised reasonable care to prevent correct promptly any alleged unlawful harassment or discrimination in the workplace, and/or Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendants or to avoid harm otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

116. Without waiving Plaintiff's burden to show the contrary, with respect to any employment action taken by Defendants, as challenged herein, Plaintiff's claims are barred

because Defendants would have taken the same legitimate, non-discriminatory employment action irrespective of Plaintiff's race or any other protected class.

## THIRTEENTH AFFIRMATIVE DEFENSE

117. Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate her alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

118. Plaintiff's own conduct caused, in whole or in part, whatever damages she may have suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

119. Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law.

## SIXTEENTH AFFIRMATIVE DEFENSE

120. No acts by this Defendants which may constitute the basis of Plaintiff's Complaint have been taken willfully, maliciously, recklessly or wantonly, and any claim by Plaintiff for punitive damages is barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

121. To the extent as may be shown by evidence through discovery, the Defendants raise all those affirmative defenses set forth in Fed.R.Civ.P. 8(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

122. All actions taken by Defendants with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory, non-retaliatory reasons.

## NINETEENTH AFFIRMATIVE DEFENSE

123. All actions taken by Defendants toward Plaintiff were lawful and made in good faith compliance with applicable provisions of all federal, state, and local laws, rules and regulations.

## TWENTIETH AFFIRMATIVE DEFENSE

124. No management-level employee of defendant knew or in the exercise of reasonable care should have known about the alleged discriminatory conduct of which Plaintiff now complains.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

125. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided to Plaintiff to avoid harm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

126. Plaintiff is not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendants engaged in good faith efforts to comply with all laws prohibiting discrimination and/or harassment in employment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

127. The Plaintiff's claims are barred, in whole or in part, by the failure to satisfy, exhaust and/or comply with the necessary statutory and/or administrative prerequisites to the commencement of this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

128. Plaintiff does not have standing to maintain a cause of action against the Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

129. The negligence of those responsible for the occurrence alleged in the Plaintiff's Complaint constitute a separate, independent, superseding, intervening culpable act or acts which constitute sole proximate cause of the accident or occurrence alleged.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

130. Upon information and belief, any past or future costs or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care, or rehabilitative services, loss of earnings or other economic loss has been, or will, with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545 of the New York Civil Practice Law and rules.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

131. If the Plaintiff sustained any personal injuries or damages as alleged in the complaint, such injuries or damages were caused, aggravated or contributed to by the Plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the Plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

132. Insofar as Plaintiff's Complaint seeks damages against Defendants, the Complaint must be dismissed because plaintiff has not sustained any damage.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

133. If Plaintiff sustained damages as alleged in Plaintiff's Complaint, all of which is denied, then such damages were caused in whole or in part by the culpable conduct of Plaintiff,

and the amount of damages otherwise recoverable, if any, shall therefore be diminished by such degree of culpable conduct as is attributable to Plaintiff.

## THIRTIETH AFFIRMATIVE DEFENSE

134. The Plaintiff has failed to take reasonable measures to reduce, mitigate and/or minimize her alleged damages, and therefore Plaintiff's damages should either be reduced or barred completely to the extent plaintiff failed to mitigate her damages.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

135. The Defendants did not commit the acts alleged in the Complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

136. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the Defendants. *Faragher v. City of Boca Raton*, 524, U.S. 775, 118 S.Ct. 2275 (1998).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

137. Defendants reserve the right to assert other affirmative defenses as may be warranted as discovery proceeds.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

138. Defendants were unaware of the alleged discriminatory conduct set forth and exercised reasonable case to promptly prevent and correct any alleged unlawful conduct.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

139. Compensatory and punitive damages are not available on Plaintiff's claims in this action and/or Defendants' conduct did not rise to the level of culpability required to justify an award of such damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

140.    Since discovery has not been conducted at this state of the case, Defendants reserve the right to file and serve additional defenses, as appropriate.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

141.    Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law.

WHEREFORE, Defendants, V P S SHIPPING LTD., AJAY SAVAN, individually, ERIC ADAMS, individually, and JONAH SAVAN, individually i/s/h/a V P S SHIPPING LTD., THE UPS STORE, INC., AJAY SAVAN, individually, ERIC ADAMS, individually and JONAH SAVAN, individually, demand judgment:

(A)    Dismissing the Complaint;

(B)    Awarding it the costs and disbursements of this action; and

(C)    Awarding it such other and further relief that this Court may deem just and proper.

Dated: Woodbury, New York
       February 27, 2019

                                      MILBER MAKRIS PLOUSADIS
                                      & SEIDEN, LLP


By:    _____
       John J. Byrnes
       Attorneys for Defendants
       V P S SHIPPING LTD., AJAY SAVAN,
       individually, ERIC ADAMS, individually, and
       JONAH SAVAN, individually i/s/h/a V P S
       SHIPPING LTD., THE UPS STORE, INC., AJAY
       SAVAN, individually, ERIC ADAMS, individually
       and JONAH SAVAN, individually
       1000 Woodbury Road, Suite 402
       Woodbury, New York 11797
       Telephone: (516) 712-4000
       File No.: 1219-16498

19

TO:   Derek Smith Law Group, PLLC
Rachel Adele Allen, Esq.
Attorneys for Plaintiff
One Pennsylvania Plaza, Suite 4905
New York, New York 10119
Telephone: (212) 587-0760
Facsimile: (212) 587-4169